UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RIGOBERTO DANIEL MONTOYA SEVILLA,

Petitioner,

v.

PHILIP RHONEY, *in his official capacity as Acting Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement*, et al.,[1]

Respondents.

---

**DECISION AND ORDER**

1:26-CV-00357-EAW

Petitioner Rigoberto Daniel Montoya Sevilla ("Petitioner") is a civil immigration detainee alleging that he is being detained in United States Immigration and Customs Enforcement ("ICE") custody pending removal proceedings in violation of the United States Constitution. (Dkt. 1). He seeks relief under 28 U.S.C. § 2241. (*Id.*). Petitioner is being held at the Buffalo Federal Detention Facility in Batavia, New York. (*Id.* at ¶ 2).

---

1 Philip Rhoney is the Acting Field Office Director of the Buffalo Field Office of the United States Immigration and Customs Enforcement and thus is substituted as Respondent in place of Tammy Marich pursuant to Federal Rule of Civil Procedure 25(d). Furthermore, Markwayne Mullin is the Secretary of the Department of Homeland Security and Todd Blanche is the Acting U.S. Attorney General and are substituted for Kristi Noem and Pamela Bondi, respectively. The Clerk of Court is directed to update the caption to reflect these substitutions.

Petitioner filed an earlier petition on December 15, 2025, seeking to be released from ICE custody. (*See Montoya Sevilla v. Rhoney*, 25-cv-01369-EAW, Dkt. 1). In that case, the Court ordered a bond hearing before an immigration judge ("IJ") (*id.* at Dkt. 6), at which the IJ denied bond based on a risk of flight (*id.* at Dkt. 7). The Court considered the matters raised in the petition to be resolved and advised the parties that it would direct the Clerk of Court to close the case unless either party objected. (*Id.* at Dkt. 8). No objections were filed and the Clerk of Court closed the case.

Petitioner initiated this case by filing a new petition that alleges Respondents failed to provide a bond hearing that complied with the Court's Order in the prior action. (Dkt. 1 at ¶¶ 20-22). For the following reasons, the Court agrees and directs Respondents to hold a second bond hearing.

As an initial matter, the Court rejects Respondents' jurisdictional and exhaustion arguments, for the same reasons previously articulated in *Adejola v. Barr*, 439 F. Supp. 3d 120, 126-28 (W.D.N.Y. 2020). As for whether the IJ complied with the Court's Order, he did not. The IJ denied bond based on a risk of flight (Dkt. 1-7 at 17) (Respondents did not argue that Petitioner was a danger to the community) but failed to meaningfully follow the Court's instructions that "[i]n deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention." (*Montoya Sevilla v. Rhoney*, 25-cv-01369-EAW, Dkt. 6 at 2). Indeed, the IJ summarily assumed that "[Petitioner's] risk of flight is so substantial that no bond is appropriate, and no alternatives

to detention can meet those concerns" (Dkt. 1-7 at 17) without giving any consideration to alternatives to detention.

Accordingly, the petition is granted to the extent that Petitioner seeks a new bond hearing, and a bond hearing shall be conducted in accordance with the following terms:

1. Petitioner shall be granted a bond hearing before an IJ on or before May 13, 2026. If Petitioner requests a continuance that results in a bond hearing date outside this deadline, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

2. After considering the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court concludes that the government shall have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Lieogo v. Freden*, No. 6:25-CV-06615 EAW, 2025 WL 3290694, at *4-6 (W.D.N.Y. Nov. 26, 2025) (Court's analysis of *Mathews* factors under similar circumstances to this case, which applies equally here). In deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

3. If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

4. Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the

safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

5. Respondents are directed to file a status update with the Court on or before May 15, 2026.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: May 6, 2026
Rochester, New York